■ In the Matter of the Arbitration between ELEANOR MANCINI et al., Appellants, and ALLSTATE INSURANCE COMPANY, Respondent.— In an arbitration proceeding, the two claimants appeal from an order of the Supreme Court, Westchester County, dated December 2, 1970, which denied their application to confirm the arbitration award, granted respondent's cross motion to vacate the award, and directed a rehearing before a new arbitrator. Order reversed, on the law, with $10 costs and disbursements; respondent's cross motion denied; and claimants' application granted to the extent that the award is modified by reducing the amount granted to claimant Eleanor Mancini to $6,851.29 and reducing the amount granted to claimant John Mancini to $3,148.71 and that the award, as so modified, is confirmed. The arbitration award herein required respondent to pay claimant Eleanor Mancini $10,000 and claimant John Mancini $4,595.79 under the uninsured motorist indorsement of its automobile liability insurance policy. Claimants concede that under subdivision 2-a of section 167 of the Insurance Law respondent's total liability is limited to $10,000. Special Term vacated the award and ordered a rehearing

of all issues before a new arbitrator, on the ground that the arbitrator had exceeded his power by making an award in excess of the statutory limitation. In our opinion, the proper course is to modify the award. The error made by the arbitrator does not affect the merits of his decision upon the issues submitted. Modification herein will preserve rather than impinge upon the integrity of the arbitration process, since the result will give effect to the obvious intent of the arbitrator (*Matter of Miller* [*Cosmopolitan Mut. Ins. Co.*], 33 A D 2d 917; *Matter of Cruzado* [*MVAIC*], 24 A D 2d 743). Therefore, as requested by claimants, we have reduced the amounts awarded to the respective claimants pro rata so as to reduce the total award to $10,000. The decision by the Court of Appeals in *Matter of Granite Worsted Mills* [*Aaronson Cowen, Ltd.*] (25 N Y 2d 451) does not compel a contrary result. In that case the offending portion of the arbitration award could not precisely be computed and, moreover, further proceedings before the arbitrator were required in order to clarify the basis upon which the award had been made. We note further that respondent does not in its brief raise any question as to partiality or misconduct of the arbitrator. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.