In the Matter of the Arbitration between GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, and ANGELO LOMBINO, Respondent.—In a proceeding to vacate or modify an arbitrator's award, the appeal is from a judgment of the Supreme Court, Nassau County, dated September 24, 1976, which, *inter alia,* confirmed the award. Judgment modified, on the law, by (1) deleting from the second decretal paragraph thereof all language beginning with the words "plus interest as directed" through the words "with interest thereon from January 25, 1976" and substituting therefor the following: "with interest at the rate of 2% per month, beginning August 1, 1975, as to each overdue monthly payment of $800 included in the said award of $6,147.50" and (2) deleting from the fourth decretal paragraph thereof all language beginning with the words "with interest thereon" through the words "or the sum of $5,147.43" and substituting therefor the following: "with interest thereon at the rate of 2% per month, beginning with January 25, 1976, the date of the award, as to each overdue monthly payment". As so modified, judgment affirmed, with $50 costs and disbursements payable by petitioner-appellant, and proceeding remanded to Special Term to determine, pursuant to subdivision 1 of section 675 of the Insurance Law, the extent to which monthly payments of first party benefits were overdue, to compute the amount of interest due pursuant to that section to the date of judgment (see CPLR 5002), and for the entry of an appropriate amended judgment. No fact issues were presented for review. Respondent Angelo Lombino, the named insured under an automobile liability policy issued by petitioner Government Employees Insurance Company (GEICO), became entitled to, and was paid, no-fault benefits *inter alia* for lost earnings following an automobile accident which took place on July 15, 1974. In March, 1975, Lombino received an award of social security disability payments. GEICO disclaimed liability for any period after June 9, 1975 on the ground that Lombino had recovered from the personal injuries suffered in the accident; Lombino exercised his statutory right to binding arbitration (see Insurance Law, § 675, subd 2). The issues at arbitration included *inter alia,* entitlement to future loss of earnings and certain medical expenses. In his opinion, the arbitrator stated: "The claimant ANGELO LOMBINO admittedly sustained severe trauma when his body struck the interior of his automobile with sufficient force that his chest broke the steering wheel and his head cracked the windshield * * * The claimant is 55 years of age and a veteran of World War II. He participated in the invasion of St. Lo Normandy at which time a phosphate mortar shell

exploded in proximity to him, subjecting him to extreme concussion resulting in unconsciousness and injuries ultimately requiring amputation of a substantial portion of his left leg * * * For the last 15 years the claimant has been steadily employed with an excellent attendance record. His work is related to electronics and mechanical devices and required fine concentration and excellent coordination between the hand and eye * * * Since this accident he has been unable to perform his regular duties because of a claimed minimal brain damage and a post concussion sequalae. He has made attempts to learn other trades; however, substantial expenses outlaid in those activities were wasted and lost when he was unable to complete such undertakings." After reviewing the medical evidence and noting that Lombino had been certified as totally disabled by the Federal Social Security Administration, the arbitrator found that Lombino "remains disabled from gainful employment at this time" as a result of the injuries sustained in the subject accident. The arbitrator noted: "It was agreed that pursuant to the coverage purchased by the claimant, that should he succeed he was entitled to the sum of $800.00 per month for loss of earnings, as a net figure after reduction of the statutory twenty (20%) per cent." He then determined: "The claimant is entitled to recover $800.00 per month from June 9, 1975 through the date of this decision, a period of 7½ months, for lost earnings of $6,000.00. The loss of earnings is to continue until the statutory and policy coverage maximum for loss of earnings is exhausted or until the respondent, based upon the exercise of its right to reasonable examination and testing, determines that the claimant is no longer disabled, should such a determination be reached by respondent prior to payment to the claimant of his loss of earnings for the maximum period. Of course the claimant would retain the right to contest any such determination." He awarded the claimant no-fault benefits totaling $6,147.50, of which $6,000 represents lost earnings. Article XVIII of the Insurance Law (no-fault) obligates a carrier to pay "first party benefits" (section 672), which are defined in section 671 as follows: "1. 'Basic economic loss' means, up to fifty thousand dollars per person * * * (b) loss of earnings from work which the injured person would have performed had he not been injured, and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he would have performed for income, up to one thousand dollars per month for not more than three years from the date of the accident causing the injury; and * * * 2. 'First party benefits' means payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle in this state, less: (a) twenty percent of lost earnings pursuant to paragraph (b) of subdivision one of this section; (b) amounts recovered or recoverable on account of such injury under state or federal laws providing social security disability benefits or workmen's compensation benefits; and (c) any amounts deductible under the applicable insurance policy." GEICO contends that the arbitrator exceeded his powers when he omitted to deduct the social security disability payments received by Lombino from the award for lost earnings. GEICO relies on the decisional law with respect to the automobile accident indemnity endorsement issued by the Motor Vehicle Accident Indemnity Corporation (MVAIC) pursuant to article 7 of the Insurance Law (§ 167, subd 2-a). That endorsement provided for binding arbitration and that any amount payable was to be reduced by the amount of workmen's compensation paid. Awards made in arbitration under such endorsements which failed to deduct payments for workmen's compensation benefits have been modified to the extent of deducting such benefits (see *Matter of Durant [MVAIC]*, 15 NY2d 408;

*Matter of Napolitano [MVAIC],* 21 NY2d 281; *Matter of Mancini [Allstate Ins. Co.],* 38 AD2d 602). In so arguing, both at Special Term and on appeal, GEICO completely ignores the arbitrator's statement that the parties agreed that the claimant, if successful, was to receive $800 per month ($1,000 less 20 percent). It does not attack the accuracy of the statement, it does not .attempt to explain the circumstances under which the purported agreement was made and it does not address itself to the issues presented by the statement. It has chosen to maintain silence despite the fact that Special Term, in confirming the award, partially relied on the arbitrator's statement. In private matters, freedom to agree is "virtually unlimited" *(Board of Educ. v Areman,* 41 NY2d 527, 531). Further, a retirement award provision in a collective bargaining agreement between a board of education and a teachers' union has been held valid in the face of both a statute abolishing local school retirement systems and a statute prohibiting the creation of a retirement system by a municipality for its employees *(Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122; and dissenting opn of Breitel, J [now Ch J], pp 133–134). Under the circumstances of this record, it was not unreasonable for the carrier to agree in arbitration that if the claimant prevailed he would be entitled to $1,000 per month, less the 20% statutory deduction. We do not reach the issue whether, in the absence of the agreement, the arbitrator's failure to deduct the social security benefits exceeded his powers under the submission. Under the no-fault statute, all "overdue payments shall bear interest at the rate of two percent per month" and payments are "overdue" if not paid within 30 days after the claimant supplies proof of the fact and amount of loss sustained (Insurance Law, § 675, subd 1). To the extent that the second and fourth decretal paragraphs of the judgment confirm that portion of the award which directs the payment of interest on payments which are not "overdue" within the statutory definition, the award exceeds the submission (see *Matter of Durant [MVAIC],* 15 NY2d 408, *supra).* In the second decretal paragraph of the judgment, Special Term erred in providing additional interest on the no-fault benefits awarded by the arbitrator from the date of the award. With respect to interest on first party benefits due under the no-fault statute, section 675 of the Insurance Law supersedes the provisions for interest contained in CPLR 5002, 5003 and 5004. Therefore, to the extent that the provisions for interest in the second and fourth decretal paragraphs exceed the amount of interest provided by section 675 of the Insurance Law, the judgment has been modified to conform with the no-fault statutory provision. We note that the provision in the third decretal paragraph for interest on the return of the $25 arbitration fee is proper. The award in the fifth decretal paragraph of $800 per month for loss of earnings "until such time as the statutory and policy coverage maximum for lost earnings is exhausted or until the petitioner, based upon the exercise of its right to reasonable examination and testing, determines that the respondent is no longer disabled" is likewise proper. The issue of the claimant's continuing disability was raised by the carrier in its notice of disclaimer; the award was therefore within the scope of the submission. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.