[906 NE2d 1046, 879 NYS2d 14]

LMK Psychological Services, P.C., et al., Respondents, v State Farm Mutual Automobile Insurance Company, Appellant.

Argued February 11, 2009; decided April 2, 2009

**POINTS OF COUNSEL**

*Rivkin Radler LLP,* Uniondale (*Evan H. Krinick, Cheryl F. Korman, Barry I. Levy* and *Stuart M. Bodoff* of counsel), and *Goldberg Segalla, LLP,* for appellant. I. Under 11 NYCRR 65-4.6 (e), a prevailing assignee medical provider in a no-fault action is entitled to one attorney's fee with respect to all claims asserted in the action on behalf of a single assignor, to be calculated based on the total amount of first-party benefits awarded by the court in connection with such claims, and is not entitled to multiple attorney's fees on a "per claim" basis. (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC,* 3 NY3d 592; *Baker v Health Mgt. Sys.,* 98 NY2d 80; *Hooper Assoc. v AGS Computers,* 74 NY2d 487; *Chapel v Mitchell,* 84 NY2d 345; *Diamond v Diamond,* 307 NY 263; *Raffellini v State Farm Mut. Auto. Ins. Co.,* 9 NY3d 196; *Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854; *Ostrer v Schenck,* 41 NY2d 782; *Breen v Cunard Lines S. S. Co.,* 33 NY2d 508; *Pajak v Pajak,* 56 NY2d 394.) II. The accrual of interest on an overdue no-fault claim is tolled under 11 NYCRR 65.15 (h) (3) and 65-3.9 (c) where the claimant fails to commence a lawsuit to recover such claim within 30 days after receipt of the denial of the claim, whether or not the insurer's denial of no-fault benefits is timely issued. (*Manufacturer's & Traders Trust Co. v Reliance Ins. Co.,* 8 NY3d 583; *Matter of Bello v Roswell Park Cancer Inst.,* 5 NY3d 170; *Matter of Meloni v Goord,* 267 AD2d 977, 94 NY2d 944; *Matter of Aurecchione v New York State Div. of Human Rights,* 98 NY2d 21; *Love v State of New York,* 78 NY2d 540; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Cardinell v Allstate Ins. Co.,* 302 AD2d 772; *Aetna Cas. & Sur. Co. v Whitestone Gen. Hosp.,*

142 Misc 2d 67; *Barnes v Maryland Cas. Co.,* 124 Misc 2d 942; *Globe Surgical Supply v GEICO Ins. Co.,* 12 Misc 3d 1185[A], 2006 NY Slip Op 51446[U].)

*Law Office of Craig Meyerson,* Latham (*Craig Meyerson* of counsel), for respondents. I. Appellant's arguments are not preserved for appeal. (*B.J. 96 Corp. v Mester,* 222 AD2d 798; *Marazzo v Frontier Ins. Co.,* 189 AD2d 755.) II. The lower courts correctly determined that attorney's fees are awarded on a per claim basis and interest is not tolled by late, invalid denials issued on valid claims. (*Matter of Granger v Urda,* 44 NY2d 91; *Montgomery v Daniels,* 38 NY2d 41; *Matter of Simmons [Government Empls. Ins. Co.],* 59 AD2d 468; *Marigliano v New York Cent. Mut. Fire Ins. Co.,* 15 Misc 3d 766; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *T.D. v New York State Off. of Mental Health,* 228 AD2d 95; *Lincoln First Bank of Rochester v Rupert,* 60 AD2d 193; *St. Clare's Hosp. v Allstate Ins. Co.,* 215 AD2d 641; *Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co.,* 207 AD2d 338; *Hempstead Gen. Hosp. v Insurance Co. of N. Am.,* 208 AD2d 501.) III. Interest accrues from the date a claim becomes overdue until the claim is paid. (*Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.,* 11 AD3d 664; *New York Craniofacial Care, P.C. v Allstate Ins. Co.,* 11 Misc 3d 1071[A], 2006 NY Slip Op 50500[U]; *Cardinell v Allstate Ins. Co.,* 302 AD2d 772; *Hempstead Gen. Hosp. v Insurance Co. of N. Am.,* 208 AD2d 501; *Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co.,* 207 AD2d 338; *Elmont Open MRI & Diagnostic Radiology, P.C. v Country-Wide Ins. Co.,* 15 Misc 3d 552; *St. Clare's Hosp. v Allstate Ins. Co.,* 215 AD2d 641; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Matter of Granger v Urda,* 44 NY2d 91.)

*Andrew M. Cuomo, Attorney General,* New York City (*Peter Karanjia, Barbara D. Underwood* and *Benjamin N. Gutman* of counsel), for Eric R. Dinallo, amicus curiae. I. Attorney's fees for recovery of medical expenses under the No-Fault Law are properly limited on a "per claim" basis, where a claim constitutes a single victim's expenses for treatment by a single provider. (*State Farm Mut. Auto. Ins. Co. v Mallela,* 4 NY3d 313; *Matter of Notre Dame Leasing v Rosario,* 2 NY3d 459; *Walton v Lumbermens Mut. Cas. Co.,* 88 NY2d 211; *Montgomery v Daniels,* 38 NY2d 41; *Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854; *Argentina v Emery World Wide Delivery Corp.,* 93 NY2d 554; *Matter of Council of City of N.Y. v Public Serv. Commn. of State of N.Y.,* 99 NY2d 64; *Raffellini v State*

*Farm Mut. Auto. Ins. Co.,* 9 NY3d 196; *Ostrer v Schenck,* 41 NY2d 782; *Matter of John Paterno, Inc. v Curiale,* 88 NY2d 328.) II. The accumulation of interest on overdue payments is properly suspended by the Superintendent of Insurance's tolling regulation during the period when the claimant does not promptly seek arbitration or judicial relief, whether or not the insurer's denial of the claim was timely. (*Hempstead Gen. Hosp. v Insurance Co. of N. Am.,* 208 AD2d 501; *Marigliano v New York Cent. Mut. Fire Ins. Co.,* 15 Misc 3d 766; *Mid-Island Hosp. v Empire Mut. Ins. Co.,* 120 AD2d 652; *Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274; *State Farm Mut. Auto. Ins. Co. v Pfeiffer,* 95 AD2d 806; *East Acupuncture, P.C. v Allstate Ins. Co.,* 15 Misc 3d 104; *New York & Presbyt. Hosp. v Allstate Ins. Co.,* 30 AD3d 492; *Cardinell v Allstate Ins. Co.,* 302 AD2d 772; *St. Clare's Hosp. v Allstate Ins. Co.,* 215 AD2d 641.)

*Short & Billy, P.C.,* New York City (*Skip Short* and *Frank Piccininni* of counsel), for Government Employees Insurance Company and others, amici curiae. I. The Insurance Department regulation relating to interest should be applied. (*Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854; *State Farm Mut. Auto. Ins. Co. v Mallela,* 4 NY3d 313; *Matter of Markowitz v Serio,* 11 NY3d 43; *Matter of New York Pub. Interest Research Group v New York State Dept. of Ins.,* 66 NY2d 444; *East Acupuncture, P.C. v Allstate Ins. Co.,* 15 Misc 3d 104; *Hempstead Gen. Hosp. v Insurance Co. of N. Am.,* 208 AD2d 501; *Matter of Bello v Roswell Park Cancer Inst.,* 5 NY3d 170; *Gonzalez v New York City Hous. Auth.,* 77 NY2d 663.) II. The Insurance Department regulation relating to attorney's fees should be applied. (*Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854.) III. The statute of limitations for no-fault has not been decided by this Court and, to the extent this issue is addressed, the amici request that their analysis of the statute of limitations for Insurance Law §§ 5103 and 5106 claims be considered. (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214; *Gaidon v Guardian Life Ins. Co. of Am.,* 96 NY2d 201; *Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169; *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184; *Mandarino v Travelers Prop. Cas. Ins. Co.,* 37 AD3d 775; *Matter of Simmons [Government Empls. Ins. Co.],* 59 AD2d 468; *Cardinell v Allstate Ins. Co.,* 302 AD2d 772; *City of New York v Kingsview Homes,* 70 AD2d 866; *Barnes v Maryland Cas. Co.,* 124 Misc 2d 942; *Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854.)

**OPINION OF THE COURT**

PIGOTT, J.

Plaintiffs, two medical providers that treated various automobile accident victims insured by defendant State Farm Mutual Automobile Insurance Company, commenced this action against State Farm after it denied no-fault insurance benefit claims assigned to plaintiffs by the insureds. Plaintiffs asserted one cause of action for each insured treated, alleging that State Farm failed to pay or deny multiple bills within the requisite 30 days.

Plaintiffs were granted summary judgment awarding them, among other things, attorneys' fees and interest. As relevant to this appeal, attorneys' fees were awarded "on each claim within each cause of action"; in other words, attorneys' fees were calculated on each bill submitted for each insured. This amount differed substantially from that proposed by State Farm, which sought a calculation of attorneys' fees on a per insured basis.

In addition, Supreme Court awarded plaintiffs interest at the statutory rate of 2% per month, without applying the tolling provision set forth in the Insurance Department regulations, which provide for the suspension of interest 30 days after denial of payment until plaintiffs commence an action seeking payment.

On appeal, the Appellate Division rejected State Farm's contention that Supreme Court failed to properly apply the tolling provision in awarding interest to plaintiffs (46 AD3d 1290 [2007]). The court held that because State Farm did not issue a proper and timely denial to plaintiffs' no-fault claims, it was not entitled to the benefit of the tolling provision.

As it pertained to attorneys' fees, the court held that Supreme Court properly awarded fees on a per bill basis rather than a per insured basis. The court expressly rejected an opinion letter of the Superintendent of Insurance, finding it in conflict with the express language of Insurance Law § 5106, as well as case law. This Court granted defendant leave to appeal (10 NY3d 717 [2008]) and we now reverse.

"New York's no-fault automobile insurance system is designed 'to ensure prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists' " (*Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 317 [2007] [citation

omitted]). We recently reiterated that the no-fault scheme's core objective is "to provide a tightly timed process of claim, disputation and payment" (*id.* at 319, quoting *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 281 [1997]). In furtherance of this objective, an insurer's failure to pay or deny a claim within the requisite time period carries significant consequences, including the payment of attorneys' fees and interest.

Insurance Law § 5106 (a) provides that "[if] a valid claim or portion was overdue, the claimant shall . . . be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim . . . ." Pursuant to the authority delegated to him by section 5106 (a), the Superintendent of Insurance promulgated regulation 11 NYCRR 65-4.6 establishing a minimum attorneys' fee and further providing that the "attorney's fee shall be limited as follows: 20 percent of the amount of first-party benefits, plus interest thereon, awarded by the . . . court, subject to a maximum fee of $850" (11 NYCRR 65-4.6 [e]).

On October 8, 2003, the Superintendent issued an opinion letter interpreting that regulation and stating that the minimum amount of attorneys' fees awarded to an assignee health care provider pursuant to Insurance Law § 5106 is

"based upon the aggregate amount of payment required to be reimbursed based upon the amount awarded for each bill which had been submitted and denied. The minimum attorney fee . . . is not due and owing for each bill submitted as part of the total amount of the disputed claim sought in the court action" (Ops Gen Counsel NY Ins Dept No. 03-10-04 [Oct. 2003]).

In referring to the regulations, specifically 11 NYCRR 65-4.6 (e), the Superintendent stated:

"[That provision] makes it clear that the amount of attorney's fees awarded will be based upon 20% of the total amount of first party benefits awarded. That total amount is derived from the total amount of individual bills disputed in either a court action or arbitration, regardless of whether one bill or multiple bills are presented as part of a total claim for benefits, based upon the health services rendered by a provider to the same eligible insured" (*id.*).

█ We have long held that the Superintendent's "interpretation, if not irrational or unreasonable, will be upheld in deference to his special competence and expertise with respect to the insurance industry, unless it runs counter to the clear wording of a statutory provision" (*Matter of New York Pub. Interest Research Group v New York State Dept. of Ins.*, 66 NY2d 444, 448 [1985]). The responsibility for administering the Insurance Law and, in particular, fair claims settlement under the No-Fault Law rests with the Superintendent (*see* Insurance Law §§ 301, 5106 [a]). For purposes of calculating attorneys' fees, the Superintendent has interpreted a claim to be the total medical expenses claimed in a cause of action pertaining to a single insured, and not—as the courts below held—each separate medical bill submitted by the provider. Because this interpretation is neither irrational, unreasonable, nor counter to the clear wording of the statute, it is entitled to deference. Thus, this Court accepts the Insurance Department's interpretation of its own regulation and, upon remittitur, directs Supreme Court to calculate attorneys' fees based on the aggregate of all bills for each insured.

█ State Farm next contends that the Appellate Division erred in finding that an insurance company that fails to issue a proper and timely denial is not entitled to the benefit of the tolling provision. We agree.

Pursuant to Insurance Law § 5106 (a), interest accrues on overdue no-fault insurance claims at a rate of 2% per month. A claim is overdue when it is not paid within 30 days after a proper demand is made for its payment (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g]). The Superintendent's regulation tolls the accumulation of interest if the claimant "does not request arbitration or institute a lawsuit within 30 days after the receipt of a denial of claim form or payment of benefits calculated pursuant to Insurance Department regulations" (11 NYCRR 65-3.9 [c]).

The Superintendent has interpreted this provision to mandate that the accrual of interest is tolled, regardless of whether the particular denial at issue was timely. That interpretation is similarly entitled to deference given that it is "not irrational or unreasonable" (*Matter of Council of City of N.Y. v Public Serv. Commn. of State of N.Y.*, 99 NY2d 64, 74 [2002]). Indeed, it is consistent with section 5106, entitled "Fair claims settlement," the purpose of which is to encourage claimants to swiftly seek to resolve any dispute concerning their entitlement to no-fault benefits. Once a denial is issued, even if an untimely one, a

claimant should still be encouraged to act to resolve the dispute quickly. Supreme Court is therefore directed to calculate appropriate interest on each claim, taking into consideration the tolling provision of section 5106 (a) as interpreted by the Superintendent of Insurance.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Chief Judge LIPPMAN taking no part.

Order, insofar as appealed from, reversed, etc.