*9 OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, defendant’s motion to vacate the judgment entered on November 21, 2008 is denied and the judgment is reinstated.
Plaintiff commenced this action to recover assigned first-party no-fault benefits on October 5, 2005 and subsequently moved for summary judgment. Defendant opposed plaintiff’s motion. By order dated November 2, 2007, the Civil Court granted plaintiffs motion, finding, among other things, that defendant had not established that its denials had been timely mailed. In a judgment entered on November 21, 2008, plaintiff was awarded the principal amount sought plus statutory interest and attorney’s fees. In the judgment, interest was calculated on each of the 12 claims at issue to commence 30 days after defendant’s receipt of each claim, as indicated on defendant’s claim denial forms.
Shortly after entry of the judgment, defendant moved, pursuant to CPLR 5015, to vacate the judgment, arguing that plaintiff was not entitled to the full amount of the judgment because the interest had been improperly calculated. Defendant contended that plaintiff was entitled to interest only from October 5, 2005, the date that plaintiff had commenced the action, and not, as plaintiff had computed, from 30 days after defendant’s receipt of the claim forms at issue. By order entered March 26, 2009, the Civil Court granted defendant’s motion to vacate the judgment and directed that the amount of interest awarded be recalculated to run from October 5, 2005 until November 2, 2007. This appeal by plaintiff ensued.
Insurance Law § 5106 (a) provides that first-party benefits are overdue “if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained . . . [and that] overdue payments shall bear interest at the rate of two percent per month.” If arbitration is not requested or an action is not commenced “within 30 days after the receipt of a denial of claim form or payment of benefits calculated pursuant to Insurance Department regulations, interest shall not accumulate on the disputed claim or element of claim until such action is taken” (Insurance Department Regulations [11 NYCRR] § 65-3.9 [c]). Furthermore, if a dispute has been submitted to arbitration or to the courts, “interest shall accumulate, unless the applicant unreasonably delays the . . . court proceeding” (Insurance Department Regulations [11 NYCRR] § 65-3.9 [d]).
*10 Where, as here, a defendant has not established the proper mailing of the denial of claim form, the claim is considered not to have been denied and payment of benefits will therefore be considered to be “overdue” within the meaning of Insurance Law § 5106 (a). Accordingly, interest on the claim will not be tolled (cf. LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217, 223 [2009]), and commences to accrue “30 days after the claim was presented to the defendant for payment until the date the claim was or is paid” (Hempstead Gen. Hosp. v Insurance Co. of N. Am., 208 AD2d 501, 501 [1994]). As plaintiff calculated interest on the claims in question as commencing 30 days after defendant’s receipt of said claims, the Civil Court erred, in its order entered March 26, 2009, in directing that interest be recalculated from the date of the commencement of the action. Similarly, it was error to direct that interest accrue until the date of the order granting plaintiffs motion for summary judgment, since interest accrues “until the date the claim was or is paid” (id.). It is noted that plaintiff is not entitled to interest pursuant to the Civil Practice Law and Rules, since Insurance Law § 5106 (a) and the regulations promulgated thereunder supersede the provisions for interest contained in the CPLR (Matter of Government Empls. Ins. Co. [Lombino], 57 AD2d 957, 959 [1977]; see also Smith v Nationwide Mut. Ins. Co., 211 AD2d 177 [1995]).
Accordingly, the order is reversed, defendant’s motion to vacate the judgment is denied, and the judgment entered on November 21, 2008 is reinstated.