Golia, J.
(concurring in part and dissenting in part and vot-
ing to reverse the order and remit defendant’s motion to vacate the judgment to the Civil Court for a determination de novo following a hearing to determine the actual date the denial of claim forms were received by plaintiff).
Although I disagree with the majority in finding that the accumulation of interest will not be tolled until after a denial of claim (NF-10) was received by plaintiff, I am constrained to accept that analysis in view of a recent opinion letter issued by the Superintendent of the Insurance Department.
Opinions of General Counsel of the New York Insurance Department No. 10-09-05 (Sept. 14, 2010) states:
“2 . . . Interest is not tolled during the period that a claim becomes overdue until the insurer issues to the insured a denial of claim. Interest is only *11 suspended or tolled from the date the claimant fails to commence an action within 30 days of the receipt of the denial of claim form until an action is actually commenced.”
Nevertheless, I find that the majority’s holding here that, “[w]here, as here, a defendant has not established the proper mailing of the denial of claim form[s], the claim is considered not to have been denied” is inappropriate.
A careful reading of the November 2, 2007 order of the Civil Court does not indicate, as the majority states, that defendant failed to establish “the proper mailing of the denial of claim form[s]” (emphasis added). The Civil Court simply found that “the affidavits proffered by defendant’s agents . . . did not establish . . . that defendant’s denials were timely mailed” (emphasis added). There is a distinction.
A defendant’s failure to prove timely mailing may well result in summary judgment for the plaintiff. However, as was made abundantly clear by the Court of Appeals in LMK Psychological Seros., P.C. v State Farm Mut. Auto. Ins. Co. (12 NY3d 217 [2009]), the untimely mailing of a denial of claim form will not stop the tolling of interest.
Thus, by the confusion raised in this distinction, I further recommend that the Insurance Department revisit and clarify this issue. The punitive interest assessed against a carrier for failing to timely pay a valid claim was meant to serve as a strong incentive to pay claims in a timely manner and to punish those that do not. It would be inappropriate to allow a plaintiff to intentionally choose not to prosecute its claim in hopes that the carrier would not be able to establish mailing or that the court simply finds that it has not. Under those circumstances, the plaintiff would be receiving a windfall in excess of 24% interest per year for up to six years.
If the stated purpose of the No-Fault Law is to resolve claims expeditiously, then it must apply equally to the claimant as well as the carrier.
Weston, J.E, and Rios, J., concur; Golia, J., concurs in part and dissents in part in a separate memorandum.