*269 OPINION OF THE COURT
Katherine A. Levine, J.
This matter* was submitted on the unresolved issue of whether interest begins to accrue in no-fault actions at the time of filing or service of the summons and complaint, and whether the tolling of interest provisions contained in the regulations of the Superintendent of Insurance impact this determination. Here, plaintiff failed to commence the lawsuit within 30 days after receipt of defendant’s denial of claim form or payment of benefits, hence triggering the tolling of interest provisions.
Central to this determination is whether section 412 of the New York City Civil Court Act applies to no-fault actions brought in Civil Court. Section 412, entitled accrual of interest, provides:
“In any action, petition, order to show cause or other proceeding wherein interest accrues from the date of the inception of the action . . . order . . . , said entitlement to interest shall not begin to accrue until service is completed by the actual index number being properly depicted on the summons and provided to the party to be charged with the payment of interest.”
Plaintiff contends that interest accrues on the date of filing. It argues that section 412 is inapplicable because under the No-Fault Law, interest does not accrue from the “inception of the action” — i.e., when plaintiff files the summons and complaint in court — but rather 30 days after the claim or bill is submitted to the insurer. Furthermore, plaintiff contends that the tolling of interest provision removes no-fault actions from the ambit of section 412. Alternatively, plaintiff contends that the CCA is inapplicable because the provisions of the CPLR governing interest supercede the interest provisions contained in the Insurance Law and regulations.
Defendant argues that section 412 governs this matter because interest does accrue at the inception of the action, and that the date of service should trigger the accrual of interest. Defendant further argues that providers should not be allowed to obtain a windfall of interest by prolonging the time between the filing and service dates.
*270 It is well established that the CPLR provisions governing interest are inapplicable to no-fault actions since Insurance Law § 5106 and the regulations promulgated thereto “supercede” the interest provisions contained in the CPLR. (Matter of Government Empls. Ins. Co. [Lombino], 57 AD2d 957, 959 [2d Dept 1977]; see Corona Hgts. Med., P.C. v Liberty Mut. Ins. Co., 32 Misc 3d 8, 10 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2011].)
Insurance Law § 5106 (a) and 11 NYCRR 65-3.9 (a) mandate that “[first-party no-fault] benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained” (emphasis added), at which point interest shall accumulate at the rate of 2% per month on all overdue benefits. However, pursuant to 11 NYCRR 65-3.9 (c), if the plaintiff fails to request arbitration or commence an action “within 30 days after the receipt of a denial of claim form or payment of benefits . . . , interest shall not accumulate on the disputed claim or element of claim until such action is taken.” Furthermore, if a dispute has been submitted to arbitration or to the courts, “interest shall accumulate, unless the applicant unreasonably delays . . . the court proceeding.” (11 NYCRR 65-3.9 [d].)
The statutory and regulatory language therefore provides two points at which interest may start to accrue on a claim submitted by a medical services provider. If the provider commences a no-fault action within 30 days after the receipt of a denial of claim form, interest will start running on the date that the claim is overdue — 30 days after the claim is presented to the defendant for payment until the claim is paid. (See LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217, 223 [2009]; Corona Hgts. Med., 32 Misc 3d at 9.) Where the defendant has not established the proper mailing of the denial of claim form, the claim is considered not to have been denied, payment of benefits is considered overdue, and interest on the claim will commence “30 days after the claim was presented to the defendant for payment” until the claim is paid. (Corona Hgts. Med., 32 Misc 3d at 10.) However, where the provider fails to commence the lawsuit within 30 days after receipt of the denial form, whether the denial is timely or not, interest is tolled until the commencement of the lawsuit. (LMK Psychological, 12 NY3d at 223.)
This court rules that either scenario falls within the scope of CCA 412. Professor David D. Siegel asserts that one of the ma *271 jor impetuses behind the promulgation of chapter 452 of the Laws of 2005, which amended sections 400 and 409 of the CCA to make commencement by filing applicable to the civil courts and added section 412, were abuses in the no-fault system. (See 164 Siegel’s Practice Review, Basic Change in Practice in Civil, District, and City Courts: “Filing” System Adopted; Summons Service No Longer Deemed “Commencement” at 1 [Aug. 2005]; 165 Siegel’s Practice Review, Reason for Insurance Law No-Fault Amendments Made as Part of Chapter 452 at 4 [Sept. 2005].) Under the old commencement by service system, no-fault providers would serve hundreds of summons and complaints without ever obtaining index numbers or filing the summons and proof of service in the clerk’s office. “This meant that the clerk’s office had nothing whatever in its files to indicate that the case was there,” and the civil court lost revenue by not collecting filing fees. (165 Siegel’s Practice Review, Calendar Crushing No-Fault Cases: Part of the Spur for Chapter 452 at 2 [Sept. 2005]; 165 Siegel’s Practice Review, Does “Bunching” of No-Fault Medical Claims Violate Rules About Permissive Joinder? at 3 [Sept. 2005].) Thus, under section 412, a medical service provider is entitled to interest only after “service is completed by the actual index number being properly depicted on the summons.” (165 Siegel’s Practice Review, The New § 412, on the Accrual of Interest at 1 [Sept. 2005].)
Professor Siegel also asserts that 11 NYCRR 65-3.9 served as the model for the legislature’s language in section 412 making the commencement of the action the point at which interest starts accruing. (165 Siegel’s Practice Review, The New § 412, on the Accrual of Interest at 1 [Sept. 2005].) The staff of the civil court, according to Siegel, “pinpointed the claim the legislature had in mind with the insertion ... of § 412.” They found “an insurance department regulation . . . that makes the inception of the action the starting time of interest.” (Id.) The tolling provision contained in 11 NYCRR 65-3.9 (c) does not take no-fault actions outside the ambit of section 412. Section 412 merely requires that once the action is commenced by filing, the plaintiff must complete service by providing to the party charged with the payment of interest a summons with the actual index number being properly depicted upon it before interest can start accruing. This requirement merely ensures that the chaos and lack of notice which existed prior to the amendment of CCA 400 and 409 do not resurface.
Furthermore, the tenets of statutory construction mandate that the court review section 412 in light of the mischief sought *272 to be remedied by the new legislation and to construe it in such a fashion as will suppress the evil and advance the remedy. (McKinney’s Cons Laws of NY, Book 1, Statutes § 95; see Matter of New York Life Ins. Co. v State Tax Commn., 80 AD2d 675 [3d Dept 1981].) Similarly, all parts of a statute are to be read and construed together in order to determine the legislative intent. Statutory words must be read in their context and words of a section should be interpreted with reference to the entire scheme. (Statutes § 97; see Matter of Jude F., 291 AD2d 165, 170 [2d Dept 2002].)
The “core objective” of the no-fault automobile insurance system was “to provide a tightly timed process of claim, disputation and payment.” (LMK Psychological Servs., P.C. at 222, citing Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 319 [2007].) Therefore, an insurer’s failure to pay or deny a claim within the requisite time period of 30 days “carries significant consequences, including the payment of attorneys’ fees and interest.” (LMK Psychological, 12 NY3d at 222.)
Plaintiffs are under a similar duty to proceed expeditiously. “[T]o do otherwise would reward a recalcitrant plaintiff with a windfall of punitive interest payments, and would contravene the legislative goal of promptly resolving no-fault claims.” (Arzu v NYC Tr. Auth., 35 Misc 3d 210, 212 [Civ Ct, Kings County 2012]; Devonshire Surgical Facility v American Tr. Ins. Co., 31 Misc 3d 1221 [A], 2011 NY Slip Op 50793[U] [Civ Ct, NY County 2011].) The Superintendent of Insurance has interpreted the tolling of interest provision contained in subdivision (c) to apply, regardless of whether the particular denial at issue was untimely, so as to encourage applicants to swiftly seek to resolve any dispute (LMK Psychological Servs., 12 NY3d at 223-224; see also Canarsie Med. Health, P.C. v National Grange Mut. Ins. Co., 21 Misc 3d 791, 797 [Sup Ct, NY County 2008] [11 NYCRR 65-3.9 contains a “built-in protection against potential delay by providing that where an applicant chooses not to timely press forward to seek redress for a denial, there will be no interest penalty assessed against the insurer until such time as the applicant chooses a remedy. This is in keeping with the intent of the No-Fault Law as a whole because it seeks to encourage the parties moving forward toward a quick resolution, while not economically favoring one side or the other”]).
CCA 412’s mandate that interest commence accruing upon service similarly serves as an incentive for plaintiff to promptly *273 pursue and resolve no-fault claims. It is to the plaintiffs benefit to serve the summons and complaint as quickly as possible after filing the case in court so as to start accruing interest. These same goals are fulfilled by the tolling provision, which acts as an incentive for the provider to rapidly commence the lawsuit, even where it has failed to initiate the action within 30 days of receipt of the denial.
Since plaintiff waited over 30 days after it received a denial to initiate a no-fault action, interest shall commence accruing on the date that service of the summons and complaint was completed in accordance with CCA 412.

 A number of other cases were submitted by the same parties on this exact issue. In all cases the defendant has conceded that plaintiff is entitled to judgment.