Village Medical Supply, Inc., as Assignee of Ahkia Dubois, Respondent, 
against
American Country Ins. Co., Appellant.




Dwyer & Taglia, Esqs. (Joshua T. Reece, Esq.), for appellant.
Gary Tsirelman, P.C. (Irena Golodkeyer, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Genine D. Edwards, J.), dated March 21, 2014. The order denied defendant's motion to vacate, pursuant to, among other things, CPLR 5015 (a) (1) or, in the alternative, on the ground that the prejudgment interest was erroneously calculated, a default judgment of the same court entered July 10, 2013 upon defendant's failure to appear at trial.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion to vacate, pursuant to, among other things, CPLR 5015 (a) (1) or, in the alternative, on the ground that the prejudgment interest was erroneously calculated, a default judgment entered on July 10, 2013 upon defendant's failure to appear at trial.
A movant seeking to vacate a default judgment based on an excusable default is required to demonstrate both that there was a reasonable excuse for the default and a meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843 [2011]). Here, defendant failed to demonstrate a meritorious defense. Defendant purported to deny the claims on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations. However, the denial of claim forms annexed to defendant's moving papers were dated more than one month before defendant had received the claims. In view of the foregoing, we need not determine whether defendant demonstrated an excusable default.
In addition, to the extent defendant contends that vacatur is warranted because the judgment awarded plaintiff interest which accrued prior to commencement of the action, such an [*2]argument lacks merit in light of defendant's failure to establish that it had ever mailed denial of claim forms to plaintiff for the claims at issue (see Corona Hgts. Med., P.C. v Liberty Mut. Ins. Co., 32 Misc 3d 8 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2017