Matter of CIP Physical Therapy, P.C. v Lawsky (2020 NY Slip Op 05503)





Matter of CIP Physical Therapy, P.C. v Lawsky


2020 NY Slip Op 05503


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-02894
 (Index No. 3118/15)

[*1]In the Matter of CIP Physical Therapy, P.C., et al., appellants, 
v
Benjamin W. Lawsky, etc., et al., respondents.


Gary Tsirelman, P.C., Brooklyn, NY, appellant pro se and for appellant CIP Physical Therapy, P.C.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Linda Fang of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 challenging revisions to 11 NYCRR 65-4.6 regarding the payment of attorneys' fees under the no-fault insurance law (see Insurance Law § 5101 et seq.), the petitioners appeal from a judgment of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated January 3, 2017. The judgment, insofar as appealed from, denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
Pursuant to Insurance Law § 5106(a), "[i]f a valid [no-fault insurance] claim . . . was overdue, the claimant shall . . . recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent." Prior to February 4, 2015, the regulations promulgated by the Superintendent of Insurance with respect to such reasonable fees provided for a minimum attorney's fee of $60 (see former 11 NYCRR 65-4.6[c]). The general rule was that the attorney's fee was limited to 20% of the amount of first-party benefits plus interest awarded by the arbitrator or court, subject to a maximum recovery of $850 (see former 11 NYCRR 65-4.6[e]). The Superintendent subsequently promulgated regulations, inter alia, eliminating the minimum attorney's fee of $60 and raising the maximum fee to $1,360 which would not apply to cases that present novel or unique issues or that would necessarily involve varied and extraordinary skills (see 11 NYCRR 65-4.6[d], [e]). The petitioners challenged the new regulations on the grounds that they were contrary to Insurance Law § 5106(a) and irrational. The Supreme Court, inter alia, denied the petition and, in
effect, dismissed the proceeding.
The petitioners argue that the elimination of the minimum fee makes it impossible for attorneys to receive reasonable compensation for low-value claims and the revised maximum fee fails to account fully for inflation. "Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459, citing Matter of Howard v Wyman, 28 NY2d 434). The Court of Appeals has held that the Superintendent's "'interpretation, if not irrational or unreasonable, will be upheld in deference to his [*2]special competence and expertise with respect to the insurance industry, unless it runs counter to the clear wording of a statutory provision'" (LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217, 223 , quoting Matter of New York Pub. Interest Research Group v New York State Dept. of Ins., 66 NY2d 444, 448). The responsibility for administering the Insurance Law and, in particular, fair claims settlement under the no-fault insurance law rests with the Superintendent (see Insurance Law §§ 301, 5106[a]).
Here, what constitutes a reasonable fee for securing payment of an overdue insurance claim requires the special competence and expertise with respect to the insurance industry that the Superintendent possesses. Furthermore, Insurance Law § 5106(a) expressly provides that an attorney's entitlement to reasonable fees for the services in question is subject to limitations promulgated by the Superintendent.
On the question of whether the challenged regulation was irrational, "the party seeking to nullify such a regulation has the heavy burden of showing that the regulation is unreasonable and unsupported by any evidence" (Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health, 85 NY2d 326, 331-332). On this point, public comments received by insurers indicated that some attorneys are "unbundling" claims, i.e., separately prosecuting multiple claims for the same patient from the same providers, thereby incurring separate minimum fees for multiple similar claims. Therefore, it was not irrational for the Superintendent to amend the regulations so as to eliminate the prospect that minimum fees could be manipulated.
With respect to the maximum fee of $1,360, the cap does not apply to cases that present novel or unique issues or that would necessarily involve varied and extraordinary skills (see 11 NYCRR 65-4.6[e]).
The petitioner's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court