Queens Neurology, P.C. v Kemper Ins. Co. (2022 NY Slip Op 50356(U))

[*1]

Queens Neurology, P.C. v Kemper Ins. Co.

2022 NY Slip Op 50356(U) [75 Misc 3d 126(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2020-990 N C

Queens Neurology, P.C., as Assignee of
Nekisha O'Madre, Appellant, 
against
Kemper Ins. Co., Respondent. 

Gary Tsirelman, P.C. (Gary Tsirelman of counsel), for appellant.
Barry, McTiernan & Moore, for respondent (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau
County, Third District (Robert E. Pipia, J.), entered September 13, 2019. The judgment, insofar
as appealed from, upon awarding plaintiff the principal sum of $1,972.80 following an inquest,
awarded plaintiff statutory no-fault interest accruing from the date the notice of trial was
filed.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action in 2003 to recover $1,972.80 in assigned first-party no-fault
benefits, alleging that a claim "was submitted to the defendant on or about 7/18/00." In 2019,
following an arbitration hearing, at which defendant failed to appear, plaintiff was awarded the
principal sum of $638.82, plus statutory no-fault interest accruing from the date the notice of trial
was filed in 2015. Thereafter, plaintiff demanded a trial de novo, at which defendant failed to
appear. An inquest was subsequently held, at which defendant failed to appear, and plaintiff was
awarded the principal sum of $1,972.80, plus interest accruing from the date the notice of trial
was filed. On appeal, plaintiff contends that since defendant failed to deny its claim, the District
Court should have awarded interest accruing from 30 days after the date the claim was submitted
to defendant, and that the District Court improperly tolled the accrual of interest until the date the
notice of trial was filed. 
In Hempstead Gen. Hosp. v Insurance Co. of N. Am. (208 AD2d 501, 501 [1994]),
the Appellate Division, Second Department, held that where a claim is not paid within 30 days,
and is never actually denied, the claim is overdue within the meaning of Insurance Law §
5106 (a) and interest on the claim will commence "30 days after the claim was presented to the
defendant for payment until the date the claim was or is paid" (see Corona Hgts. Med., P.C. v Liberty Mut.
Ins. Co., 32 Misc 3d 8, 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2011]).
While plaintiff argues on appeal that the claim had not been timely denied, this assertion was
made solely by plaintiff's attorney at the inquest and contradicts what is stated in the written
arbitrator's award. Here, plaintiff failed to establish that interest should have started to accrue any
earlier than the commencement of the action (see 11 NYCRR 65-3.9 [c]). In addition, a
review of the record indicates that the District Court properly tolled the accrual of interest until
the date of the notice of trial based upon its implicit finding that plaintiff unreasonably delayed
the proceedings (see 11 NYCRR 65-3.9 [d]). Consequently, the District Court properly
declined to award interest from the date of the submission of the claim.
Accordingly, the judgment, insofar as appealed from, is affirmed.
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022