(44 Misc. Rep. 28.)

## GOFF v. CHARLIER.

(Supreme Court, Special Term, New York County. June, 1904.)

1. ARREST—MOTION TO VACATE—DELAY.

Code Civ. Proc. § 572, provides for the discharge of defendant under arrest in civil action if the plaintiff unreasonably delays the trial of the action. *Held* to mean a positive act in the way of obstructing the trial, and not a mere neglect to proceed.

2. SAME.

Where neither party to an action in which defendant was held under an order of arrest filed a note of issue or served notice of trial, defendant, on his motion to vacate the order, cannot claim that plaintiff has unreasonably delayed the trial.

Action by Henry P. Goff against Elie S. Charlier. Motion to vacate order of arrest. Denied.

George W. Sandford, for motion.
John Baptist Marshall, opposed.

GIEGERICH, J. This application to vacate the order of arrest of the defendant, who is now in custody, is based upon two grounds: First, that the plaintiff has unreasonably delayed the trial of the action; and, second, upon the merits. As to the first ground of objection, the facts are as follows: The order of arrest was issued on the 22d day of June, 1903. The summons and complaint were served on the defendant on the 13th day of August, 1903, and the answer was served on the 2d day of September following. The order of arrest was served by the sheriff on the 19th day of May, 1904, and the defendant is now incarcerated. The plaintiff has never filed a note of issue, nor served a notice of trial. Section 572 of the Code of Civil Procedure provides that a defendant under arrest must, upon his application, be discharged from custody, if the plaintiff has unreasonably delayed the trial of the action. In the present case it may be that there has been unreasonable neglect to prosecute the action, but there is nothing whatever to show that there has been any affirmative act on the part of the plaintiff which the word "delay," as used in the section referred to, was, in my judgment, intended to import. The expression "neglects to proceed" is a familiar one in the Code of Civil Procedure, and exactly describes what the plaintiff did in this case. On the other hand, although the word "delay," in its ordinary sense, may not imply any positive act in the way of obstruction, it should, I think, be held, in the section referred to, to have such significance. In the present case it was as much within the power of the defendant's attorney as of the plaintiff's to serve a notice of trial, put the cause on the calendar, and bring it on for trial; consequently whatever delay has taken place is as much the fault of the one side as of the other. In my opinion, the statute did not intend to permit a defendant to take advantage of a delay which he himself had consented to or contributed to. I have not been able

to find any case directly in point, but in Howell v. Taussig, 12 Civ. Proc. R. 252, 254, it was held by the General Term of this department that the mere fact that the action was commenced in 1883, and had not been tried in 1887, was not enough to prove that the defendant had unreasonably delayed the trial; that being, as the court remarked, "a fact to be affirmatively established in support of the application before it is allowed to prove successful." Neither do I think that the defendant has made out a case for vacating the order of arrest upon the merits. The motion should therefore be denied, but without costs.

Motion denied, without costs.