*937
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 This appeal involves the interpretation of the term “eligibility date” contained in New York City’s Senior Citizen Rent Increase Exemption program (Administrative Code of City of NY § 26-509 [b] [3] [i] [a]). The New York City Department for the Aging applied the provision narrowly and denied special retroactive benefits to petitioners and their class of similarly situated tenants.
 

 Supreme Court disagreed with the Department for the Aging’s interpretation and granted plaintiffs’ motion for summary judgment on their first three causes of action. The Appellate Division modified the order by denying plaintiffs’ motion and granting defendants’ cross motion to dismiss the complaint in its entirety. It concluded that the agency’s interpretation was rational and this Court granted plaintiffs leave to appeal.
 

 Real Property Tax Law § 467-b authorizes New York City to allow eligible low-income senior citizens, who live in rent-stabilized housing, a specified calculated exemption from rent increases. Pursuant to the statute, the City enacted the Senior Citizen Rent Increase Exemption (SCRIE) program (see, Administrative Code § 26-509).
 

 Under the program, a landlord may charge eligible tenants only “one-third of the aggregate disposable income” of the household, or the “rent in effect immediately preceding the
 
 eligibility date,
 
 whichever is greater” (Administrative Code § 26-509 [b] [3] [i] [a] [emphasis added]). Qualifications for this SCRIE exemption include: (1) the head of household must be at least 62 years of age and entitled to possession of the residence, (2) annual income must be below a specified level, and (3) the maximum rent for the residence must exceed one-third of the household’s aggregate disposable income, where the applicant is not receiving a monthly shelter allowance pursuant to the Social Services Law (Administrative Code § 26-509 [b] [2]). Qualifying tenants receive an exemption order from the Department for the Aging, which becomes effective the first day of the first month after receipt of the tenant’s application (Administrative Code § 26-509 [b] [2] — [5]). When an exemption is granted, a landlord receives a property tax credit to offset the loss of rental income.
 

 As noted, this dispute, essentially between a class of putatively qualifying tenants and the City, centers on the defi
 
 *938
 
 nition of the phrase “eligibility date.” The City’s position, as respondent, is that it is “the date prior to the effective date of the latest lease for the dwelling unit in which the applicant resides.” Thus, a tenant’s rent would be set at the greater of one-third of the aggregate disposable income, or the rent incurred under the lease in effect prior to the tenant’s SCRIE application. Plaintiffs, as appellants, urge that “eligibility date” should refer to the earliest date that an applicant may be shown to have met the qualifying criteria of age, income, and rent. They, thus, would require a landlord to adjust the rent of an eligible tenant, in relation to a lease in effect perhaps years prior to the time of the application for exemption.
 

 “[A]n administrative regulation will be upheld only if it has a rational basis, and is not unreasonable, arbitrary or capricious”
 
 (New York State Assn. of Counties v Axelrod,
 
 78 NY2d 158, 166). On the other hand, “tt]he challenger must establish that a regulation ‘is so lacking in reason for its promulgation that it is essentially arbitrary’ ”
 
 (id.,
 
 quoting
 
 Matter of Marburg v Cole,
 
 286 NY 202, 212).
 

 Applying these general propositions to the instant case, we agree with the Appellate Division that the Department for the Aging’s interpretation of the regulation is rational and not arbitrary. Moreover, plaintiffs’ argument is fundamentally flawed as it would require the agency to impose on landlords rent reductions and recalculations for theoretically eligible persons, based on leases from a time preceding any application for the exemptions.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, without costs, in a memorandum.