OPINION OF THE COURT
Kenneth L. Gartner, J.
There is no statute of limitations on logic. Consequently, the reasoning of an almost century-old case which addressed an issue regarding a defendant’s release from civil arrest, and which in so doing necessarily interpreted the same phrase at issue on the instant motion, governs the construction of the controlling *77 no-fault insurance regulation (which has not previously been judicially construed).
The defendant here seeks to utilize its own inaction to escape the payment of the statutory interest to which it will otherwise be subject. The application of that earlier decision’s reasoning mandates the denial of the motion.
The plaintiff brings the instant action to recover no-fault insurance benefits. The defendant moves for an order pursuant to an 11 NYCRR former 65.15 (h) (4) (11 NYCRR 65-3.9 [a], [d]) to stay, nunc pro tunc to 2V2 years ago (when defendant served its responses to the plaintiffs discovery demands), the accrual of the interest which would otherwise increase any recovery the plaintiff may obtain. The ground for the defendant’s request is that the plaintiff has unreasonably delayed in its prosecution of this matter. The plaintiff responds that since the defendant could have moved the matter forward as easily as the plaintiff, a stay of the accrual of interest is as a matter of law not justified.
The Insurance Department Regulations governing no-fault, and in particular 11 NYCRR former 65.15 (h) (11 NYCRR 65-3.9 [a], [d]), entitled “Interest on overdue payments,” provide:
“(1) All overdue mandatory personal injury protection benefits due an applicant or assignee shall bear interest at a rate of two percent per month, compounded and calculated on a pro rata basis using a 30-day month. * * *
“(4) If an applicant has submitted a dispute to arbitration or the courts, interest shall accumulate, unless the applicant unreasonably delays the arbitration or court proceeding.”
In the event that the defendant is able to substantiate a claim that the plaintiff has unreasonably delayed the progress of a case, there is therefore no interest awarded. It is “an all or nothing proposition” — either the accumulation of interest at a rate that is clearly punitive and meant to compel the expeditious resolution of these matters, or no interest at all. (Becker v Merchants Mut. Ins. Co., 133 Misc 2d 134, 136 [Sup Ct, Erie County 1986].)
The defendant argues that any delay on the part of the plaintiff benefits the plaintiffs attorney because the longer the delay, the more interest is accrued and the higher the attorney’s fees (which, up to a cap, are calculated as a percentage of recovery, including interest). The defendant argues that plaintiffs attorneys should not be permitted to reap the benefits of plaintiffs delay in proceeding with this action.
*78 The plaintiff replies that all discovery was complete 2V2 years ago. The defendant itself could have either served and filed a notice of trial (UDCA 1301), or served a CPLR 3216 demand upon the plaintiff to do so.
The defendant responds that the language, “unreasonably delays,” should refer to the plaintiffs own inaction, and “not the presumption proposed by the plaintiff that ‘plaintiff needs to take affirmative steps to interfere with the prosecution,’ ” before this regulation kicks in.
In Goff v Charlier (44 Misc 28 [Sup Ct, NY County 1904]), the Supreme Court addressed a statute addressing the release of a defendant under civil arrest, and utilizing identical language. While reporting that it had been unable to find any case directly in point, the court there expressly rejected the po - sition here espoused by the defendant. The court in Goff v Charlier (at 29) interpreted the phrase “unreasonably delays,” as utilized to describe those actions of a plaintiff which relieve a defendant of some otherwise applicable consequence, as in fact necessarily implying some “positive act in the way of obstruction”:
“Section 572 of the Code of Civil Procedure provides that a defendant under arrest must, upon his application, be discharged from custody if the plaintiff has unreasonably delayed the trial of the action. In the present case it may be that there has been unreasonable neglect to prosecute the action, but there is nothing whatever to show that there has been any affirmative act, on the part of the plaintiff, which the word .‘delay,’ as used in the section referred to, was, in my judgment, intended to import. The expression ‘neglects to proceed’ is a familiar one in the Code of Civil Procedure and exactly describes what the plaintiff did in this case. On the other hand, although the word ‘delay’ in its ordinary sense may not imply any positive act in the way of obstruction, it should, I think, be held, in the section referred to, to have such significance. In the present case it was as much within the power of the defendant’s attorney as of the plaintiffs to serve a notice of trial, put the cause on the calendar and bring it on for trial, consequently whatever delay has taken place is as much the fault of the one side as of the other. In my opinion the statute did not intend to permit a defendant to take advantage of a delay which he himself had con *79 sented to or contributed to.”
The logic of this case appears just as apt when applied to the instant situation. Indeed, the “neglects to proceed” phrase against which the court in Goff v Charlier contrasted the phrase “unreasonably delays” is the same terminology used in CPLR 3216. CPLR 3216 (a) provides for dismissal of an action where a party to an action “unreasonably neglects to proceed * * * or otherwise delays in the prosecution thereof * * * .”
Moreover, CPLR 3216 also tellingly uses, as a synonym for “neglects to proceed,” and as an alternative to it, the phrase “delays in the prosecution” (emphasis added). This stands in distinction to 11 NYCRR former 65.15 (h) (4)’s “delays the * * * proceeding * * * .” (n NYCRR 65-3.9 [d].) In the former case, “prosecution” is used as a verb, with “delays” utilized as an adverb. It is procrastination in some action to be undertaken by the plaintiff which triggers the result. In the latter case, “proceeding” is used as a noun, with “delays” used as a verb. It is affirmative obstruction of a case which is the trigger. Not just semantics, these distinct formulations reflect the drafters’ conscious and sensible policy choices. (Compare, Riccardi v Abrams, 85 AD2d 65, 66 [3d Dept], appeal dismissed 56 NY2d 507. [1982] [postjudgment interest, not otherwise payable, will be awarded if the state “unreasonably delays” — i.e., itself neglects — paying a judgment against it, since such payment is within the state’s unilateral control], with Butts v Marx, 148 Misc 2d 405, 406 [Civ Ct, Kings County 1990] [answer of a defendant in a personal injury action will not be stricken for failure of the deceased defendant’s representatives to move to substitute a representative for the defendant where the plaintiff could have made such a motion].)
Since the defendant contends only that the plaintiff failed to act, not that the plaintiff actively obstructed the proceeding, and does not deny that the defendant could as easily as the plaintiff have advanced the case to trial, defendant’s motion is denied.