*792 OPINION OF THE COURT
Paul G. Feinman, J.
In this CPLR article 75 proceeding, petitioner seeks to vacate an arbitration award, and respondent cross-petitions to confirm the arbitration award. For the reasons which follow, the petition is denied, and the cross petition is granted.
Petitioner is a health care provider that treated its assignor, Ricky Barry, for injuries received in an automobile accident on July 8, 2003. Respondent insured Barry and was obligated under the policy to provide him with first-party benefits, in accordance with New York’s No-Fault Law (Insurance Law art 51). Petitioner sought reimbursement from respondent which first denied it on November 12, 2003, and again for different charges on December 2, 2003 (petitioner’s exhibit 3). Petitioner filed for arbitration pursuant to the Insurance Law and enabling regulations on August 8, 2006.
By arbitration decision of November 2, 2006, petitioner was awarded the sum of $2,376.76 plus interest from August 8, 2006, pursuant to Insurance Department Regulations (11 NYCRR) § 65-3.9 (c) (petitioner’s exhibit 1, arbitration award at 4).
Petitioner appealed the portion of the award concerning interest to a master arbitrator, arguing then, as now, that section 65-3.9 (c) is contrary to Insurance Law § 5106 (a). That section of the Insurance Law provides in pertinent part that payments of first-party benefits are to be made as the loss is incurred, and are “overdue” if not paid within 30 days after proof of the injury and the amount of loss sustained has been presented. By contrast, 11 NYCRR 65-3.9 (c) states, in pertinent part, that where an applicant does not request arbitration or institute a lawsuit within 30 days after receiving the form denying the claim, interest will be computed from the actual date that arbitration or a lawsuit is commenced.
By determination dated March 11, 2007, the master arbitrator affirmed the findings of the arbitrator but remanded the computation of interest (petitioner’s exhibit 2 at 2). On remand the arbitrator analyzed the regulation and relevant case law and determined that the regulation is “lawful rule-making” and not contrary to Insurance Law § 5106 (a), and that the accrual of interest was rationally found to have commenced with the filing by petitioner for arbitration on August 8, 2006, rather than the November 2003 date when petitioner received respondent’s first denial of payment (petitioner’s exhibit 4, arbitrator’s award *793 on remand, at 3-6). The arbitrator also awarded attorney’s fees to petitioner in accordance with Insurance Department Regulations § 65-4.6 (b) and (e) (petitioner’s exhibit 4, arbitrator’s award on remand at 7). Petitioner appealed this determination to a master arbitrator. The master arbitrator affirmed the award in its entirety on December 24, 2007 (petitioner’s exhibit 5 at 12, 4).
The petition seeks judicial review and vacatur of the master arbitrator’s award on the ground that the provision of section 65-3.9 (c), abating the accrual of interest until the commencement of arbitration or litigation, is contrary to Insurance Law § 5106 (a).[1] It seeks a finding that its interest began accruing as of 30 days after the date of receipt by respondent of petitioner’s bills. It also seeks statutory attorney’s fees pursuant to 11 NYCRR 65-4.10 (j) (4), reasonable attorney’s fees for work undertaken for the master arbitration proceedings, pursuant to section 65-4.10 (j) (2) (i), the costs of the filing fees for the two master arbitration proceedings, and costs and disbursements, as well as the filing fee incurred in this proceeding.
Respondent cross-petitions to confirm the master arbitrator’s award and to oppose an award of attorney’s fees.
Judicial review of arbitration awards is extremely limited (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], citing Paperworkers v Misco, Inc., 484 US 29 [1987]). CPLR 7511 (b) sets forth the four grounds, none of which are pertinent, on which a petitioner generally can seek to vacate an award. However, where as here, a party seeks vacatur based on a challenge to a state regulation, it is required to establish that the regulation “ ‘is so lacking in reason for its promulgation that it is essentially arbitrary’ ” (Ostrer v Schenck, 41 NY2d 782, 786 [1977], quoting Matter of Marburg v Cole, 286 NY 202, 212 [1941]). Petitioner challenges the validity of 11 NYCRR 65-3.9, one of the regulations promulgated under the authority of the Superintendent of Insurance, as authorized by the Legislature through Insurance Law § 301, to implement the No-Fault Law (11 NYCRR part 65).
“The cornerstone of administrative law is derived from the principle that the Legislature may declare its will, and after fix *794 ing a primary standard, endow administrative agencies with the power to fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation” (Matter of Nicholas v Kahn, 47 NY2d 24, 31 [1979]). When interpreting a statute, it is fundamental that the court will attempt to effectuate the legislative intent, and where the statutory language is clear and unambiguous, it should be construed so that the plain meaning of the words is effectuated (Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]). The starting point is the language itself (Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 6 NY3d 104, 112 [2005]). Here, the particular no-fault statute at issue states in relevant part,
“Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. . . . All overdue payments shall bear interest at the rate of two percent per month.” (Insurance Law § 5106 [a] [emphasis added].)
The regulation challenged by petitioner states, in pertinent part,
“(a) All overdue mandatory and additional personal injury protection benefits due an applicant or assignee shall bear interest at a rate of two percent per month, . . .
“(c) If an applicant does not request arbitration or institute a lawsuit within 30 days after the receipt of a denial of claim form or payment of benefits calculated pursuant to Insurance Department regulations., interest shall not accumulate on the disputed claim or element of claim until such action is taken. . . .
“(d) If an applicant has submitted a dispute to arbitration or the courts, interest shall accumulate, unless the applicant unreasonably delays the arbitration or court proceeding.” (11 NYCRR 65-3.9 [emphases added].)
Petitioner points to the two clauses in Insurance Law § 5106 (a) stating that benefits are “overdue” if not paid within 30 days after proof of the injury and loss is supplied, and that “overdue” payments bear interest at the rate of 2% per month, and argues that the statutory language does not include any *795 abeyance for either the payment of a loss where an insurer wrongly denies a claimant’s claim or in the accrual of interest. Petitioner thus argues that 11 NYCRR 65-3.9 (c), which provides for possible abeyance in the accrual of interest until the applicant seeks arbitration or files a lawsuit to contest the failure to pay, is in derogation of the statute’s clear language.
It is recognized that the superintendent has a “special competence and expertise with respect to the insurance industry” (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 864 [2003] [internal quotation marks omitted]), and has accordingly been vested “with broad power to interpret, clarify, and implement the legislative policy” (Ostrer v Schenck, 41 NY2d at 785, quoting Breen v Cunard Lines S. S. Co., 33 NY2d 508, 511 [1974]), although the regulations must be consistent with statutory provisions (Ostrer v Schenck at 785-786). A rule or regulation properly crafted within the scope of the superintendent’s authority has the force of law and “represents the policy choice of this State” (State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 321 [2005]).
The interpretation of a statute by the agency charged with its enforcement will generally be given “great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute.” (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 545 [1984] [citation omitted].) A regulation will not be found valid “if it contravenes the will of the Legislature, as expressed in the statute” (State Div. of Human Rights v Genesee Hosp., 50 NY2d 113, 118 [1980]). The court will scrutinize the regulation or rule for “genuine reasonableness and rationality in the specific context” (Kuppersmith v Dowling, 93 NY2d 90, 96 [1999]; Nunez v Giuliani, 91 NY2d 935, 938 [1998]). A regulation will be upheld if it has a rational basis and is not unreasonable, arbitrary, capricious, or contrary to the statute under which it was promulgated (Kuppersmith v Dowling, 93 NY2d 90, 96 [1999]).
New York’s No-Fault Law is designed in part to ensure that accident victims receive “prompt compensation for losses” (Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 562 [2008]). However, as fully discussed in Matter of Medical Socy. of State of N.Y. v Serio (100 NY2d at 861-863) over the years of implementation of the No-Fault Law, the superintendent has had to focus on no-fault fraud and abuse, and the regulations have been revised in an attempt to close windows of *796 opportunity for the parties to take advantage of each other’s positions, and as well to better effectuate the legislative intent of providing prompt compensation “as the loss is incurred” pursuant to Insurance Law § 5106 (a).[2] In upholding the revisions to the regulations, the Court in Medical Socy. noted that the new circumscribed time frames prescribed for filing notices and proofs of claims were based on the determination of the superintendent that much of the abuse was associated with the lengthy time frames within which claims could be presented to insurers (100 NY2d at 862). For example, it is now required that the accident victim file a notice of claim with the insurer no later than 30 days after an accident (11 NYCRR 65-1.1). Proof of loss due to medical treatment must be provided within 45 days and proof of work loss must be provided from as soon as reasonably practicable up to 90 days (§§ 65-1.1, 65-2.4 [c]). After an insurer has received proper verification establishing proof of claim, it has 30 days to pay or deny the claim, unless further verification is sought (§ 65-3.8 [c]). Furthermore, the courts have held that even though the common law did not preclude defenses and neither the Insurance Law nor the regulations provided for preclusion, an insurer will be precluded from asserting any defenses when it does not pay or deny a claim within the 30-day period (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 281-282 [1997], rearg denied 90 NY2d 937 [1997]), except when the defense is lack of coverage (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 318 [2007]).
Employing the methodology used in Medical Socy., and examining both the statute and the regulation at issue, the court finds petitioner’s arguments concerning the illegality of the regulation to be unpersuasive when analyzed within the entire framework of the No-Fault Law and the implementing *797 regulations, all of which seek fairness and promptness in the resolution of auto accident injury claims. Petitioner argues that where a claim has been timely denied but is ultimately found meritorious by an arbitrator or court, the payment will be “overdue” and interest should accrue from the time of the denial. It argues, in essence, that it should be understood that the Insurance Law includes an additional penalty to be assessed against an insurer that denies a claim and is later found to have improperly done so. Notably, Insurance Law § 5106 (a) only addresses payments by insurers, including overdue payments, and includes a provision for an interest penalty where payments are overdue. However, an insurer is also allowed to timely deny a request for reimbursement (see Presbyterian Hosp., 90 NY2d 274 [1997]), and 11 NYCRR 65-3.9 (c), was enacted to address those instances. The regulation provides that where the insurer timely denies, then the applicant is to seek redress within 30 days, after which interest will accrue. As noted in East Acupuncture, P.C. v Allstate Ins. Co., “[t]he interest provision, presently at 24% per annum, is punitive in nature . . . and designed to inflict an economic sanction or penalty on those insurers who do not comply” with the No-Fault time frames (15 Misc 3d 104, 108 [App Term, 2d Dept 2007] [citations and internal quotation marks omitted]).[3]
The regulation contains, in addition to an economic sanction against recalcitrant insurers, a built-in protection against potential delay by providing that where an applicant chooses not to timely press forward to seek redress for a denial, there will be no interest penalty assessed against the insurer until such time as the applicant chooses a remedy. This is in keeping with the intent of the No-Fault Law as a whole because it seeks to encourage the parties moving forward toward a quick resolution, while not economically favoring one side or the other.
The Court of Appeals has implicitly upheld the regulation in its decision, Presbyterian Hosp. (90 NY2d at 278 [“(p)ursuant to both the Insurance Law and the regulations promulgated by the Superintendent of Insurance, an insurer is required to either pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date an applicant supplies proof of claim (see, Insurance Law § 5106 [a]; Insurance Regulation 65.15 [g] [3]). Failure to pay benefits within the 30-day require *798 ment renders benefits ‘overdue’ ”]). Therefore, it cannot be found that the Legislature intended that insurers be penalized for timely denying a claim, even where such denial is later found improper.
The agency’s interpretation of one of its promulgated regulations “is entitled to deference” (Matter of 427 W. 51st St. Owners Corp. v Division of Hous. & Community Renewal, 3 NY3d 337, 342 [2004] [internal quotation marks omitted]). Here, the agency’s promulgation of the regulation is rationally based and is consistent with the no-fault statute and the other enabling regulations. The petition to vacate the master arbitrator’s award which affirmed the previous arbitrators’ awards is therefore denied, except to the extent that the issue of attorney’s fees as fixed by the court pursuant to 11 NYCRR 65-4.10 (j) (4) is severed and referred to a special referee to hear and determine.
The cross motion to confirm the arbitration award is accordingly granted.

. Petitioner notified the Office of the Attorney General of the State of New York of its challenge to the statute by letter dated March 3, 2008, and the Attorney General’s Office has advised that it will not intervene in the instant matter (cross petition exhibit E, letter of Mar. 20, 2008, Office of Attorney General to Goodman).

. “[T]he Superintendent appears to be well aware of the interplay of no-fault deadlines and fraud. A few years ago he reduced the regulatory time frames for automobile accident victims or their assignees to claim and prove entitlement to no-fault benefits — a measure applauded by insurers — in part because ‘the most common example of . . . fraud . . . consisted of exploiting the time lag between the alleged loss and the deadline for submitting proof of the loss, coupled with the reality that insurers are given only 30 days to review and investigate claims before paying them without risk of penalties for denying or delaying a claim.’ ” (Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d at 565 n 2, quoting Medical Socy., 100 NY2d at 861.)

. The punitive nature of the interest penalty is seen also in subdivision (b) of 11 NYCRR 65-3.9, which provides that an insurer may not “suggest or require, as a condition to settlement” that the interest be waived.