*163 OPINION OF THE COURT
Katherine A. Levine, J.
In this rarely ruled upon issue, the court must decide what the term “unreasonably delays” means, as contained in 11 NYCRR 65-3.9 (d), so as to warrant the stay of accumulation of interest that a no-fault applicant who timely files a lawsuit is ordinarily entitled to.
Plaintiff Lucia Arzu commenced this action on January 29, 2001 against defendant New York City Transit Authority seeking recovery of no-fault benefits in the amount of $25,000, attorney fees and interest at a rate of 2% per month. Defendant served its answer and discovery demands on July 13, 2001. Plaintiff failed to serve the responses for nearly four years resulting in defendant filing a motion to preclude plaintiff from offering evidence. On May 4, 2005, the parties resolved defendant’s motion by entering into a so-ordered stipulation whereby plaintiff was to provide copies of the allegedly unpaid bills within 45 days or be precluded from offering such evidence at trial. While defendant disputes that it ever received the sought disclosure, plaintiffs submissions indicate that on May 10, 2005, plaintiff mailed the bills to the defendant by certified mail. On December 17, 2010, defendant served plaintiff with a notice to resume prosecution and file a note of issue within 90 days as per CPLR 3216 (b) (3). Plaintiff thereupon filed a certificate of readiness for trial.
After argument, the court took submissions solely on the issue of whether plaintiff is precluded from collecting the interest allowed by 11 NYCRR 65-3.9 after she failed to prosecute the case for five years after complying with defendant’s discovery requests. Plaintiff contends that the tolling provisions do not apply because defendant could have served a notice to resume prosecution and file a note of issue five years ago upon receiving the discovery. In essence, plaintiff contends that the burden rests upon the defendant insurer to ensure that prosecution of the claim proceeds expeditiously, hence obviating any claim of undue delay on the part of plaintiff.
The no-fault automobile insurance system is designed “to ensure prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists.” (LMK Psychological Servs., PC. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217, 221 [2009], quot *164 ing Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317 [2007].) The core objective of the no-fault scheme is to “provide a tightly timed process of claim, disputation and payment.” (Hospital for Joint Diseases at 319.) Therefore, an insurer’s failure to pay or deny a claim within the requisite time period of 30 days “carries significant consequences, including the payment of attorneys’ fees and interest.” (LMK Psychological Servs., P.C., 12 NY3d at 222; Hospital for Joint Diseases at 317.)
Insurance Law § 5106 (a) provides that first-party benefits are overdue “if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained . . . [and that] overdue payments shall bear interest at the rate of two percent per month.” The interest provision of 24% per annum “is punitive in nature and designed to inflict an economic sanction or penalty on those insurers who do not comply” with the no-fault time frames. (East Acupuncture, P.C. v Allstate Ins. Co., 15 Misc 3d 104, 108 [2007], affd 61 AD3d 202 [2d Dept 2009] [internal quotation marks and citations omitted]; see Canarsie Med. Health, PC. v National Grange Mut. Ins. Co., 21 Misc 3d 791, 794 [Sup Ct, NY County 2008].)
Significantly, claimants or applicants are also required to act promptly or face the tolling of interest. Pursuant to 11 NYCRR 65-3.9 (c), where the applicant does not commence litigation within 30 days of the denial of the claim or payment of benefits, the interest shall be tolled until such action is taken. Pursuant to 11 NYCRR 65-3.9 (d), interest shall accrue once the applicant has submitted a dispute to arbitration or the courts “unless the applicant unreasonably delays the . . . court proceeding.” Thus, “[flailure to act promptly after a denial of claim results in a toll of the statutory interest provisions, for to do otherwise would reward a recalcitrant plaintiff with a windfall of punitive interest payments, and would contravene the legislative goal of promptly resolving no-fault claims.” (Devonshire Surgical Facility v American Tr. Ins. Co., 31 Misc 3d 1221 [A], 2011 NY Slip Op 50793[U], *4 [Civ Ct, NY County 2011]; see East Acupuncture., P.C., 61 AD3d at 210.)
It appears that only one court has defined the term “unreasonably delays,” as contained in 11 NYCRR 65-3.9 (d), within the context of the prolongation of litigation after the claim has been filed in court. In Igor Shtarkman Neurologist, P.C. v Allstate Ins. Co. (191 Misc 2d 76 [Nassau Dist Ct 2002]) the defendant moved for an order to stay the accrual of interest, for *165 2V2 years, nunc pro tunc, to the date it served its responses to plaintiffs discovery demands, on the ground that plaintiff had unreasonably delayed the prosecution of the case. As in the instant matter, the plaintiff responded that a stay on accrual of interest was not justified as the defendant could just as easily have moved the matter forward. The court adopted the plaintiffs position, finding that the plaintiff merely “neglect[ed] to proceed” in the prosecution of the case, as opposed to “unreasonably delay[ing]” the proceeding which presumed a finding that plaintiff affirmatively obstructed the case. (191 Misc 2d at 78-79.)
This court disagrees with the Shtarkman ruling. Pursuant to the tenets of statutory construction, “the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof’ (Majewski v BroadalbinPerth Cent. School Dist., 91 NY2d 577, 583 [1998]; East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d 202, 208-209 [2009]). 11 NYCRR 65-3.9 contains two distinct subdivisions which clearly place the burden upon the applicant to move the case forward or face the tolling of the accrual of interest. Subdivision (c) punishes an applicant who does not institute the lawsuit within 30 days after the receipt of a denial of claim form by staying the accrual of interest until such claim is filed. Once the claim is filed interest may accrue unless the applicant “unreasonably delays” the proceeding (subdivision [d]).
Per the clear language of the regulation, the interest which accrues on overdue no-fault benefits acts as an incentive for both insurers and claimants to act promptly. The insurer must first promptly adjust the claims or face payment of interest to an applicant who prevails in litigation. However, once a denial or payment of benefits has been made by the insurer, the incentive to act promptly switches to the applicant who must initiate the lawsuit within 30 days of the denial and must then not unreasonably delay the prosecution of the case in order to avoid the tolling of interest. (See Devonshire Surgical at *4; see also LMK Psychological Servs., P.C., 12 NY3d 217, 223-224 [2009] [the Superintendent of Insurance has interpreted the tolling of interest provision contained in subdivision (c) to apply, regardless of whether the particular denial at issue was untimely so as to encourage applicants to swiftly seek to resolve any dispute]; Canarsie Med. Health, P.C. v National Grange Mut. Ins. Co., 21 Misc 3d 791, 797 [2008] [the regulation contains a “built-in protection against potential delay by providing that where an *166 applicant chooses not to timely press forward to seek redress for a denial, there will be no interest penalty assessed against the insurer until such time as the applicant chooses a remedy. This is in keeping with the intent of the No-Fault Law as a whole because it seeks to encourage the parties moving forward toward a quick resolution, while not economically favoring one side or the other”].)
Here, plaintiff’s delay in prosecuting the case is especially egregious. Plaintiff first waited nearly four years to respond to discovery demands resulting in defendant filing a motion to preclude plaintiff from offering evidence. Only upon receipt of this motion did plaintiff enter into a so-ordered stipulation whereby plaintiff was to provide copies of the allegedly unpaid bills within 45 days or be precluded from offering such evidence at trial. Defendant disputes that it ever received the sought disclosure as a rationalization as to why it did not serve plaintiff with a notice to resume prosecution and file a note of issue for approximately five years. Yet, ironically, plaintiff claims that she actually mailed the sought after discovery in 2005. Hence, by her own admission, plaintiff concedes that she waited five years to resume prosecution of the case, and that she was spurred to action by being served by defendant with a notice to resume prosecution and file a note of issue.
To make both the insurer and applicant equally responsible for moving the case forward would contravene both the explicit language of the regulations and the intent of the legislation by creating an incentive for the applicant to do nothing and hence receive a windfall in punitive interest payments as the case languished in perpetuity. As such, this court holds that inaction on the part of the applicant for five years after she provided discovery to the defendant constitutes an unreasonable delay and directs that the interest be tolled from one year after plaintiff complied with the discovery request.