OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notice of appeal from the amended decision dated September 15, 2010 is deemed a premature notice of appeal from so much of the judgment entered January 26, 2012 as awarded statutory prejudgment interest from August 7, 2008 {see CPLR 5520 [c]); and it is further ordered that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action to recover assigned first-party no-fault benefits in 2001, based upon an accident that had occurred in 1998. It is undisputed that for the next seven years, no action was taken by either party. On August 7, 2008, plaintiff filed a notice of trial. A nonjury trial was subsequently held, after which the Civil Court found in favor of plaintiff. However, *89 based on plaintiffs delay of the case, the Civil Court held that statutory prejudgment interest would accumulate from the date plaintiff filed his notice of trial, on August 7, 2008. Plaintiff filed a notice of appeal from that decision, limited to the Civil Court’s decision to award interest from August 7, 2008. A judgment was subsequently entered, including interest commencing as of August 7, 2008 at a simple, not compound, rate. We deem the appeal to have been taken from so much of the judgment as awarded interest from August 7, 2008.
First, contrary to plaintiffs argument on appeal, defendant did prove the timely mailing of the denial. Where, as here, a provider does not commence the action within 30 days of receipt of the denial, the Insurance Department Regulations provide that statutory prejudgment interest (see Insurance Law § 5106 [a]) begins to accumulate when the action is commenced (see Insurance Department Regulations [11 NYCRR] § 65-3.9 [c]), “unless the applicant unreasonably delays the . . . court proceeding” (Insurance Department Regulations [11 NYCRR] § 65-3.9 [d] [emphasis added]). In this case, plaintiff took no action for seven years. Plaintiff’s argument that defendant should be required to pay interest for that period because defendant could have attempted to move the case forward lacks merit. It is plaintiff who brought this action and plaintiff should not be rewarded for his years of inaction by receiving a windfall of interest (see Arzu v NYC Tr. Auth., 35 Misc 3d 210 [Civ Ct, Kings County 2012]; compare Igor Shtarkman Neurologist, P.C. v Allstate Ins. Co., 191 Misc 2d 76 [Nassau Dist Ct 2002]). Thus, in our opinion, the Civil Court properly held that the interest in this case should be awarded from August 7, 2008.
On appeal, plaintiff also contends that interest should have been calculated at a compound, not simple, rate. However, the decision from which plaintiff appealed did not specify whether the interest awarded should be simple or compound, and the award of simple, rather than compound, interest is found only in the judgment, which was entered subsequent to the filing of the notice of appeal. Moreover, the notice of appeal limited the appeal to the court’s determination regarding the date on which interest would begin to accumulate. Therefore, the issue of whether the interest should be calculated at a simple or compound rate is not reviewable on this appeal. As this issue was not litigated below and as there has been no prior judicial determination of this question, plaintiff, if he be so advised, may move, pursuant to CPLR 5019 (a), to seek a correction of *90 the interest in the judgment (see Kiker v Nassau County, 85 NY2d 879, 881 [1995]; see also former Insurance Department Regulations [11 NYCRR] § 65.15 [h] [1]; Belt Parkway Imaging, P.C. v State Wide Ins. Co., 30 Misc 3d 127[A], 2010 NY Slip Op 52229[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Ops Gen Counsel NY Ins Dept No. 02-10-22 [Oct. 2002]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
Weston, J.E, Aliotta and Solomon, JJ., concur.