Vitality Chiropractic, P.C., as Assignee of Angel Velazquez, Appellant, 
against
Countrywide Insurance, Respondent.




Korsunskiy Legal Group, P.C. (Henry Guindi of counsel), for appellant.
Jaffe & Koumourdas, LLP (Jean H. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered May 22, 2015. The order granted defendant's posttrial motion to toll the accrual of no-fault statutory prejudgment interest based upon plaintiff's delay in the prosecution of the action and held that interest shall accrue from December 18, 2014.




ORDERED that the order is modified by providing that no-fault statutory prejudgment interest shall accrue from January 23, 2014; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's posttrial motion to toll the accrual of no-fault statutory prejudgment interest based upon plaintiff's delay in the prosecution of the action and held that interest shall accrue from December 18, 2014, the date the notice of trial was filed.
The Insurance Department Regulations provide that, where a provider does not commence a no-fault action within 30 days of receipt of the insurer's denial of claim form, statutory prejudgment interest (see Insurance Law § 5106 [a]) does not begin to accumulate until an action is commenced (11 NYCRR 65—3.9 [c]). If an action has been commenced, statutory interest accumulates "unless the applicant unreasonably delays the . . . court proceeding" (11 NYCRR 65—3.9 [d]). Plaintiff took no meaningful action to prosecute the case, which was commenced in 2002, until January 23, 2014 when it served a motion to compel discovery. Thus, [*2]the Civil Court properly determined that plaintiff should not be rewarded for its years of inaction by receiving a windfall of interest (see Kew Gardens Med & Rehab, P.C. v Country-Wide Ins. Co., 52 Misc 3d 143[A], 2016 NY Slip Op 51240[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Aminov v Country Wide Ins. Co., 43 Misc 3d 87 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). However, the Civil Court should have determined that statutory interest began to accrue when the motion to compel discovery was served, rather than when the notice of trial was filed, almost a year later.
Accordingly, the order is modified by providing that no-fault statutory prejudgment interest shall accrue from January 23, 2014.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 01, 2018