Herman v Country-Wide Ins. Co. (2022 NY Slip Op 50916(U))

[*1]

Herman v Country-Wide Ins. Co.

2022 NY Slip Op 50916(U) [76 Misc 3d 132(A)]

Decided on September 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-988 Q C

Dr. Michael R. Herman, as Assignee of
Kevin Fleetwood, Appellant, 
against
Country-Wide Insurance Company, Respondent.

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Thomas A. Torto, Esq. (Thomas Torto and Jason Levine of counsel), for respondent.

Appeals from orders of the Civil Court of the City of New York, Queens County (David M.
Hawkins, J.), entered February 27, 2019 and April 14, 2020. The February 27, 2019 order,
insofar as appealed from as limited by the brief, sua sponte tolled the accrual of all no-fault
statutory interest. The April 14, 2020 order, insofar as appealed from as limited by the brief,
denied the branch of plaintiff's motion seeking to vacate and/or modify so much of the February
27, 2019 order as was made sua sponte.

ORDERED that the appeals are consolidated for purposes of disposition; and it is
further,
ORDERED that the appeal from so much of the February 27, 2019 order as sua sponte tolled
the accrual of all no-fault statutory interest is dismissed as no appeal as of right lies from an order
made sua sponte; and it is further,
ORDERED that the April 14, 2020 order, insofar as appealed from, is modified by providing
that no-fault statutory interest is tolled from June 27, 1997 until April 5, 2018; as so modified,
the order, insofar as appealed from, is affirmed, without costs. 
In 1995, plaintiff commenced this action to recover assigned first-party no-fault benefits for
services rendered to his assignor for injuries allegedly sustained in a motor vehicle accident in
August 1994. Defendant appeared and answered. After defendant failed to appear for trial in May
1997, an inquest was held in June 1997, following which a written decision dated June 27, [*2]1997 was issued awarding plaintiff judgment in the sum of $1,480
with interest from April 21, 1995. On April 5, 2018, plaintiff moved for "an Order compelling
the clerk to enter judgment based upon the inquest held in this matter." Defendant cross-moved
to dismiss the action, arguing that plaintiff had failed to submit a proposed judgment within 60
days pursuant to Uniform Rules for New York City Civil Court (22 NYCRR) § 208.33 (a).
By order entered February 27, 2019, the Civil Court found that all no-fault statutory interest
should be tolled because plaintiff had unreasonably delayed in seeking to enter judgment
(see former 11 NYCRR 65.15 [h] [now 11 NYCRR 65-3.9 (d)]) and directed the clerk "to
enter judgment . . . for the Plaintiff in the amount of $1,480.00 with no prejudgment interest,"
and denied defendant's cross motion. Defendant has since paid the sum of $1,480. 
Thereafter, plaintiff moved for, among other things, an order "vacating and/or modifying that
portion of the Court's [February 27, 2019] order . . . that is sua sponte." Defendant opposed the
motion. By order entered April 14, 2020, the Civil Court denied the branch of plaintiff's motion
seeking to vacate and/or modify the sua sponte portion of the February 27th order, stating that
plaintiff would not be awarded any prejudgment interest, and finding that no portion of the
February 27th order was made sua sponte.
As limited by his brief, plaintiff appeals from so much of the February 27, 2019 order as sua
sponte tolled the accrual of all no-fault statutory interest and from so much of the April 14, 2020
order as denied the branch of plaintiff's motion seeking to vacate and/or modify the portion of the
February 27, 2019 order as was made sua sponte. The appeal from so much of the February 27,
2019 order as sua sponte tolled the no-fault statutory interest pursuant to 11 NYCRR 65-3.9 (d)
is dismissed as it did not address a demand for relief made on notice and, therefore, is not
appealable as of right (see CCA 1702 [a]; Sholes v Meagher, 100 NY2d 333
[2003]; Biotech Surgical Supply, Inc. v
Country Wide Ins. Co., 66 Misc 3d 135[A], 2019 NY Slip Op 52143[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2019]).
As to the April 14, 2020 order, we agree with the Civil Court's determination pursuant to
former 11 NYCRR 65.15 (h) (now 11 NYCRR 65-3.9 [d]) that plaintiff unreasonably waited
more than 20 years before moving to have a judgment entered upon the decision issued after the
inquest. The no-fault regulations provide that, "[i]f an applicant has submitted a dispute to
arbitration or the courts, interest shall accumulate, unless the applicant unreasonably delays the
arbitration or court proceeding" (former 11 NYCRR 65.15 [h] [now 11 NYCRR 65-3.9 (d)]). A
no-fault plaintiff "should not be rewarded for his years of inaction by receiving a windfall of
interest" (Aminov v Country Wide Ins.
Co., 43 Misc 3d 87, 89 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Contrary to plaintiff's argument, this case is not analogous to cases in which we have held that
interest should not be tolled between a settlement and the entry of a judgment upon the
settlement (see e.g. Seaside
Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op 50918[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). A settlement is the resolution of a case to
which both parties have agreed, and the entry of a judgment is only permitted where a settling
defendant fails to do what it has promised to do: pay the agreed-upon sum within 21 days of
tender of the required paperwork (see CPLR 5003-a). In contrast, a case that goes to
inquest or trial concludes in a judgment, and plaintiff should not be awarded a windfall of
punitive interest because he failed to enter a judgment for more than 20 years after the inquest.
Thus, so much of the February 27, 2019 order as tolled the no-fault [*3]statutory interest from June 27, 1997, the date of the decision after
inquest, until April 5, 2018, when plaintiff moved to enter a judgment based upon that decision,
was proper and the Civil Court correctly declined to vacate that part of the order. 
However, the Civil Court should have vacated so much of the February 27, 2019 order as
declined to award interest from April 21, 1995 until June 27, 1997, which interest was awarded
by the June 27, 1997 decision, as there has been no finding that plaintiff unreasonably delayed
this case during that period. We note that since the subject accident took place in 1994, no-fault
statutory interest should be calculated at a compounded rate (see former 11 NYCRR
65.15 [h] [1]; Matter of B.Z.
Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144 [2021]; Belt Parkway Imaging, P.C. v State Wide
Ins. Co., 30 Misc 3d 127[A], 2010 NY Slip Op 52229[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2010]).
Plaintiff's remaining arguments regarding interest lack merit.
Accordingly, the April 14, 2020 order, insofar as appealed from, is modified by providing
that no-fault statutory interest is tolled from June 27, 1997 until April 5, 2018. 
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 9, 2022