Orthotics & Professional Supply, Ltd. v Country-Wide Ins. Co. (2022 NY
Slip Op 51221(U))

[*1]

Orthotics & Professional Supply, Ltd. v Country-Wide Ins.
Co.

2022 NY Slip Op 51221(U) [77 Misc 3d 130(A)]

Decided on December 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2022-39 Q C

Orthotics & Professional
Supply, Ltd., as Assignee of Luo Yong Qiang, Respondent,
against
Country-Wide Insurance Company, Appellant.

Thomas Torto, for appellant.
Glinkenhouse Queen (Alan Queen of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Laurentina McKetney Butler, J.), dated November 15, 2021. The order denied
defendant's motion to, in effect, recalculate a judgment of that court entered May 20,
2021 so as to exclude all statutory no-fault interest therein, and granted plaintiff's cross
motion to recalculate the May 20, 2021 judgment to include interest for the period from
June 28, 2019 to May 20, 2021.

ORDERED that the order is modified by providing that defendant's motion is
granted to the extent of tolling statutory no-fault interest from March 14, 2002 to June
27, 2019; as so modified, the order is affirmed, without costs.
In 2000, plaintiff commenced this action to recover assigned first-party no-fault
benefits for medical equipment provided to its assignor in connection with injuries
allegedly sustained in a motor vehicle accident in July 1999. Defendant appeared and
answered. Plaintiff moved for summary judgment and defendant failed to submit
opposition. By order dated March 14, 2002, the Civil Court (James J. Golia, J.) granted
plaintiff's motion on default and awarded plaintiff judgment in the sum of $1,057 with
interest from January 24, 2000. Approximately 17 years later, on June 27, 2019, plaintiff
applied for the entry of judgment upon the Civil Court's March 14, 2002 order. On May
20, 2021, judgment was entered in the sum of $107,441.02, including [*2]$105,862.22 in statutory no-fault interest from January 24,
2000 to June 27, 2019. Defendant moved for an order "vacating, re-settling and
recalculating" the judgment to exclude all statutory no-fault interest based upon
plaintiff's delay in entering judgment. Plaintiff cross-moved pursuant to CPLR 5019 (a)
to recalculate the judgment to include interest for the period from June 28, 2019, the day
after plaintiff applied for entry of judgment, to May 20, 2021, the date the clerk entered
judgment. By order entered November 15, 2021, the Civil Court (Laurentina McKetney
Butler, J.) denied defendant's motion and granted plaintiff's cross motion.
Statutory no-fault interest (see Insurance Law § 5106 [a]), which is 2
percent per month, is meant to be a penalty for an insurer's failure to pay a valid claim,
and it applies to both pre- and post-judgment interest (Matter of B.Z. Chiropractic, P.C. v
Allstate Ins. Co., 197 AD3d 144, 156 [2021]). However, the no-fault regulations
provide that, "[i]f an applicant has submitted a dispute to arbitration or the courts, interest
shall accumulate, unless the applicant unreasonably delays the arbitration or court
proceeding" (former 11 NYCRR 65.15 [h] [now 11 NYCRR 65-3.9 (d)]). This court has
rejected the argument that tolling should not apply simply "because [the] defendant could
have attempted to move the case forward" (Aminov v Country Wide Ins. Co., 43 Misc 3d 87, 89 [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), and held instead that a no-fault
plaintiff "should not be rewarded for . . . years of inaction by receiving a windfall of
interest" (id.). Similarly, here, plaintiff should not be rewarded with a huge sum
of interest for inordinate delay in entering a judgment.
Contrary to plaintiff's argument, this case is not analogous to the cases holding that
interest should not be tolled between a settlement and the entry of a judgment upon that
settlement agreement (see e.g.
Seaside Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op
50918[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). A settlement is
the resolution of a case to which both parties have agreed; accordingly, CPLR 5003-a
requires a settling defendant to pay that mutually agreed-upon amount within three weeks
(see CPLR 5003-a [a] ["any settling defendant . . . shall pay all sums due
to any settling plaintiff within twenty-one days of tender" of the required paperwork]
[emphasis added]; Herman v
Country-Wide Ins. Co., 76 Misc 3d 132[A], 2022 NY Slip Op 50916[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). There is no such statutory
mandate as to orders awarding summary judgment.
Therefore, the Civil Court should have granted defendant's motion to the extent of
tolling the accrual of statutory no-fault interest from March 14, 2002, the date of the
order granting plaintiff summary judgment, to June 27, 2019, the date plaintiff applied to
enter judgment based upon that order (see Herman, 2022 NY Slip Op 50916[U]).
The Civil Court correctly declined to toll the accrual of interest from January 24, 2000 to
March 13, 2002, which interest was awarded by the March 14, 2002 order, as there has
been no finding that plaintiff unreasonably delayed this case during that period. For the
same reason, the Civil Court correctly granted plaintiff's cross motion to recalculate the
judgment to include interest from June 28, 2019 to May 20, 2021, the time between
plaintiff's application for judgment and the clerk's entry of judgment.
Accordingly, the order is modified by providing that defendant's motion is granted to
the extent of tolling statutory no-fault interest from March 14, 2002 to June 27,
2019.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9,
2022